Reversed and remanded.

DAVIS, J., dissenting.

---

ILLINOIS FEMALE COLLEGE
v.
HATTIE E. PERRY.

1. ALLEGATIONS AND PROOF MUST CORRESPOND.—The court finds that the contract as set out in the declaration, materially varies from that established by the evidence, and the plaintiff is not entitled to recover.

2. CONTRACT—FAILURE TO PERFORM.—Appellee contracted with appellant to serve as teacher for a year at a stipulated salary, appellant to provide her with a room. In respect to the room, appellee expressed a wish for one upon the second floor, but appellant being unable to give her such a room, provided one upon the third floor, whereupon appellee declined to enter upon her duties as teacher. *Held*, that a failing to provide a room as requested by appellee, did not justify her in refusing to act as teacher, and she was not entitled to recover.

APPEAL from the Circuit Court of Morgan county; the

Hon. Cyrus Epler, Judge, presiding. Opinion filed April 6, 1881.

Messrs. Brown, Kirby & Russell, for appellant; that the allegations and proof must correspond, cited 1 Chitty's, Pl. 265; Smith v. Frazer, 61 Ill. 164; Helm v. Cantrel, 59 Ill. 524.

Messrs. Morrison, Whitlock & Lippincott, for appellee; as to the right to sue for breach of contract before the expiration of the contract time, cited Roper v. Johnson, 4 Eng. Rep. 397; Hochster v. De La Tour, 2 E. & B. 678; Frost v. Knight, 7 Exch. 111; Fox v. Kitton, 19 Ill. 519.

Davis, J. This action was brought by Hattie E. Perry, to recover damages from appellant for an alleged failure to furnish her with employment as a teacher, and with a room, under an alleged contract entered into between Dr. W. F. Short, as president of the Illinois Female College, and appellee.

The contract, as set out in the several counts of the declaration, and the breaches complained of, are substantially as follows : That appellee contracted with appellant to teach Latin and modern languages in its school, for the school year commencing in September, 1879, and ending in June, 1880, for three hundred dollars per year, including home, or rooms, and washing, which appellant contracted to give ; and that appellant contracted with appellee to give her as home, a room on the second floor of the building of appellant, with three windows, two in front ; and that appellee was then and there, to-wit, on the——day of September, 1879, ready and willing to accept said room on second floor of said college building, with three windows, and was then and there ready to perform her duties as teacher of Latin and modern languages in said school for said appellant, as contracted, and then and there offered to accept said room and perform said services for appellant, according to the terms of said contract, and requested appellant to permit her to occupy said room and perform said services according to said contract. But appellant refused to

allow appellee to occupy said room and perform said services, and still refuses.

It appears by the record, that on the 12th of May, 1879, appellee who was then teaching in Frederic county, Maryland, applied by letter to Dr. W. F. Short for a position as a teacher in the Illinois Female College, at Jacksonville, Illinois. Several letters passed between the parties with reference to the condition of the school : the number of teachers, the number of daily recitations, the services expected to be rendered by each teacher ; and in one of these letters it was stated that each of the teachers had a room or rooms well furnished, but no further reference to the room was made in the correspondence until after the completion of the contract.

The correspondence finally resulted in an offer made by Dr. Short to appellee, that for teaching in the department of Latin, German and French, for the next school year, commencing on the 10th of September, 1879, he would pay her three hundred dollars, including home and washing.

To this she replied she had considered his offer, and would accept the three hundred dollars and home. He immediately answered that he should consider the department of Latin and modern languages filled.

This is the contract as made by the parties, and is not the contract as set out in the declaration of appellee.

The contract, as made, would entitle appellee to her salary of three hundred dollars for teaching, and also to a home and washing. This would include a room or rooms well furnished, such as the correspondence between the parties represented as being furnished to each of the teachers. But it would not entitle her to any particular room, or to one on any specified story of the building.

It is true that after the contract was fully consummated, appellee again wrote to Dr. Short requesting some information regarding her room and the number of windows it contained, for which curtains would be required; and in this letter she expressed a preference for a room on the second floor, if a front room. To this a reply was made that her room would be on the second floor, and would have three windows—two in front

But in a few days afterwards Dr. Short wrote to her again, that he found at that late day that one of his teachers was unable to keep her engagements with him, and in consequence of the disappointment he would have to assign her a room on the third floor, having only two windows, but in all other respects equally as pleasant as the first. He also informed her that the school would open on the tenth day of September.

We consider the assignment of the room on the second floor to appellee as a matter of favor, and not as a right under the terms of the contract, and we do not think that such assignment changed the terms of the contract as entered into by the parties in any degree, or that it precluded appellant from changing the room of appellee, as might become necessary or convenient, provided the new room to be given should be a room well furnished, as stipulated by the contract.

It also appears by the record that when appellee was informed that it would be necessary to change her room to the third floor, several other letters were written by appellee, in one of which, written on the 3rd of September, she expressed great disappointment at the change of rooms, and a feeling that she could not room on the third floor on account of going up and down stairs, and that she must have a front room and a pleasant one if she came. On the next day she again wrote, renewing her expressions of dissatisfaction at the change of room, and of the unwillingness of her friends that she should go to Illinois. She informed Dr. Short that she had intended to leave home in time to reach Jacksonville on the day fixed on for the opening of school, but now she would not leave until she again heard from him, as her people were very much opposed to her rooming on the third floor. On the 11th of September, Dr. Short wrote and sent a telegram to appellee, that as matters were at the time of the receipt of her letter of 4th instant he was unable to make the change in room, and so had made other provisions for the department of Latin and modern languages for this year.

It seems that the school opened on Wednesday, September 10th, and on the Monday following, appellee reached Jackson-

ville, and found another teacher had been employed to fill the vacancy.

We think that the contract as set out in the declaration, materially varies from that established by the evidence ; and further, that appellee, by her conduct after the change of room, and by her failure to be present at the commencement of the school to enter upon the discharge of her duties as teacher, justified appellant in considering the contract as rescinded.

The court below having rendered a judgment in favor of appellee on the verdict of the jury, the judgment must be reversed and the cause remanded.

Judgment reversed.